UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBERT MUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:20-CV-173-TAV-CRW |
| | ) |
| KATY WILSON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, a prisoner in the Campbell County Jail, has filed a motion for leave to proceed *in forma pauperis* [Doc. 1], his inmate trust account statement [Doc. 5], and a pro se complaint for violation of § 1983, alleging discrimination based on Defendant Sergeant Katy Wilson's denial of "trustie" positions to him and other sex offender inmates [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and this action will be **DISMISSED**.

**I.     FILING FEE**

First, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1.] and his inmate trust account statement [Doc. 5] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Campbell County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period prior to the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk will also be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Standard of Review

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary damages against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft*

2

Case 2:20-cv-00173-TAV-CRW   Document 6   Filed 10/21/20   Page 2 of 6   PageID #: 20

*v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations

Plaintiff alleges that Sergeant Wilson has denied "trustie" positions to all inmates in the "G-Pod," which is where he and all inmates with prior sexual offenses are housed

3

[Doc. 2 at 3–4]. Plaintiff specifically alleges that the denial of these positions to "G-pod" inmates is due to those inmates' charges, which he and the other inmates view as discrimination [*Id.* at 4]. Plaintiff has sued Defendant Wilson and seeks only "not to be discriminated against" [*Id.* at 1, 3, 5].

**C.     Analysis**

First, to the extent that Plaintiff seeks relief under § 1983 on behalf of other inmates in the "G-pod," he has no standing to do so. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and, absent a request for class certification, lacks standing to assert the constitutional rights of other prisoners").

Also, to the extent that Plaintiff alleges that Defendant Wilson's denial of a "trustie" position to him violates his constitutional rights, a prisoner does not have a "constitutional right to prison employment or a particular prison job," a property right to wages for his work, or a statutory right to sentence reduction credits. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003).

Moreover, as set forth above, Plaintiff's allegation that Defendant Wilson's act of denying him a "trustie" position amounts to discrimination also fails to state a claim upon which relief may be granted under § 1983. The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. In order to state a viable equal protection claim, "a plaintiff

4

must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

As set forth above, inmates do not have a constitutional right to a job in jail, and thus Plaintiff has not alleged interference with a fundamental right. Moreover, "[c]onvicted sex offenders are not a suspect class" for purposes of the Equal Protection Clause. *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999). Accordingly, Plaintiff's allegation that Defendant Wilson has denied him and other sex offender inmates "trustie" positions in the jail fails to state a claim upon which relief may be granted under § 1983.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the Campbell County Jail and to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

5

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER**:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE